UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SHERIFF,<br><br>Defendant. | No. 2:15-cv-1122-TLN-KJN PS<br><br><br><br>ORDER |

Plaintiff Patrick Blackshire, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

   To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

   Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

   In this case, plaintiff's complaint (ECF No. 1) consists solely of the court's boilerplate form instructions for drafting a complaint, and contains no factual allegations whatsoever. It does not identify what type of claim plaintiff asserts or how the court has subject matter jurisdiction over any such claim. The civil cover sheet (ECF No. 1-1) accompanying the complaint vaguely states that plaintiff's claim relates to "Prisoner Mistreatment and Mental Anguish," but provides no factual allegations to explain what that alleged mistreatment involved. As such, plaintiff's complaint must be dismissed. Nevertheless, in light of plaintiff's *pro se* status, and because plaintiff could conceivably cure such deficiencies, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

////

1    If plaintiff elects to file an amended complaint, it shall be captioned "First Amended
2 Complaint"; shall clearly identify the defendant; shall clearly identify the type of claim brought
3 and outline the specific factual allegations in support of that claim; shall specify the relief sought;
4 shall specify the basis for the court's subject matter jurisdiction; and shall be typed or written in
5 legible handwriting.
6    Alternatively, if plaintiff concludes that he is unable to state a viable claim or no longer
7 wishes to pursue the action at this time, he may instead file a notice of voluntary dismissal of the
8 action without prejudice.
9    Accordingly, IT IS HEREBY ORDERED that:
10   1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
11   2. Plaintiff's complaint is dismissed, but with leave to amend.
12   3. Within 28 days of this order, plaintiff shall either (a) file a first amended complaint in
13      accordance with the requirements of this order or (b) file a notice of voluntary
14      dismissal of the action without prejudice.
15   4. Failure to file either a first amended complaint or a notice of voluntary dismissal by
16      the required deadline may result in the imposition of sanctions, including monetary
17      sanctions or potential dismissal of the action with prejudice pursuant to Federal Rule
18      of Civil Procedure 41(b).
19   IT IS SO ORDERED.
20 Dated:  May 29, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE