1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICK BLACKSHIRE,                       No.  2:15-cv-1122 KJN P

12                   Plaintiff,

13           v.                                ORDER

14   SACRAMENTO COUNTY SHERIFF, et
     al.,
15
                     Defendants.
16

17           Plaintiff is a former county jail inmate, proceeding without counsel.  By order filed May

18   29, 2015, plaintiff's complaint was dismissed and he was granted leave to file an amended

19   complaint or notice of voluntary dismissal.  On June 29, 2015, plaintiff filed an amended

20   complaint which demonstrates that he seeks relief pursuant to 42 U.S.C. § 1983.  This proceeding

21   was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

22           Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and

23   has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

24   Accordingly, the request to proceed in forma pauperis will be granted.

25           The court is required to screen complaints brought by prisoners seeking relief against a

26   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28   ////

1   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

6   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

10  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

11  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

12  1227.

13         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

14  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

15  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

16  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

17  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

18  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

19  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

20  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

22  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

23  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

24  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

25  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

26  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

27         Plaintiff's amended complaint was not filed on the court's form.  Plaintiff alleges he was

28  assaulted several times, denied meals, water, clothes and other hygienic items, and denied

2

dayroom and outdoor recreation.  However, plaintiff names no individuals as defendants and he

fails to provide sufficient factual detail for the undersigned to determine whether plaintiff can

state a cognizable civil rights claim.  While detailed factual allegations are not required,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678

(quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations, and are

not entitled to the assumption of truth.  Id.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

affirmative link between the incidents of police misconduct and the adoption of any plan or policy

demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

affirmative act, participates in another's affirmative acts or omits to perform an act which he is

1  legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,

2  588 F.2d 740, 743 (9th Cir. 1978).

3          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

4  their employees under a theory of respondeat superior and, therefore, when a named defendant

5  holds a supervisorial position, the causal link between him and the claimed constitutional

6  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

7  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

8  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

9  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

10 official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

11 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

12 participation is insufficient).

13         The court finds the allegations in plaintiff's amended complaint so vague and conclusory

14 that it is unable to determine whether the current action is frivolous or fails to state a claim for

15 relief.  The court has determined that the amended complaint does not contain a short and plain

16 statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

17 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

18 succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

19 allege with at least some degree of particularity overt acts which defendants engaged in that

20 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

21 R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant

22 leave to file a second amended complaint.

23         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

24 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

25 Goode, 423 U.S. 362, 371 (1976).  Also, the second amended complaint must allege in specific

26 terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C.

27 § 1983 unless there is some affirmative link or connection between a defendant's actions and the

28 claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

4

1  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

2  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

3  268 (9th Cir. 1982).

4       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

5  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

6  complaint be complete in itself without reference to any prior pleading.  This requirement exists

7  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

8  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the prior

9  pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as

10  in any complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11  Plaintiff must file his second amended complaint on the form used by this court.

12       In accordance with the above, IT IS HEREBY ORDERED that:

13       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

14       2.  Plaintiff's amended complaint is dismissed.

15       3.  Within thirty days from the date of this order, plaintiff shall complete the attached

16  Notice of Amendment and submit the following documents to the court:

17            a.  The completed Notice of Amendment; and

18            b.  An original and one copy of the Second Amended Complaint, filed on the form

19  used by this court.  Plaintiff's second amended complaint shall comply with the requirements of

20  the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The

21  second amended complaint must also bear the docket number assigned to this case and must be

22  labeled "Second Amended Complaint."

23       Failure to file a second amended complaint in accordance with this order may result in the

24  dismissal of this action.

25       4.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

26  complaint by a prisoner.

27  Dated:  July 16, 2015

28  /blac1122.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  PATRICK BLACKSHIRE,                        No.  2:15-cv-1122 KJN P

12                 Plaintiff,

13          v.                                 NOTICE OF AMENDMENT

14  SACRAMENTO COUNTY SHERIFF, et
    al.,

15
                   Defendants.
16

17
            Plaintiff hereby submits the following document in compliance with the court's order
18
    filed_____.
19
                    _____          Second Amended Complaint
20  DATED:

21

22                                          _____
                                            Plaintiff
23

24

25

26

27

28